IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01551-BNB

VICTOR LOPEZ,

    Applicant,

v.

TRAVIS TRANI, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

```
                    FILED
            UNITED STATES DISTRICT COURT
                DENVER, COLORADO

                 FEB 0 9 2010

            GREGORY C. LANGHAM
                              CLERK
```

## ORDER OF DISMISSAL

Applicant Victor Lopez is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Mr. Lopez initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 3, 2009, he filed an amended application for a writ of habeas corpus and on October 22, 2009, he filed a second amended application for a writ of habeas corpus. Mr. Lopez is challenging the validity of his conviction and sentence in El Paso County District Court case number 99CR4527.

On October 26, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On December 14, 2009, Respondents filed their Pre-Answer Response. Mr. Lopez subsequently filed a reply to the Pre-Answer Response, although the reply

was filed in two parts. On January 25, 2010, Mr. Lopez filed the first nine pages of his reply to the Pre-Answer Response. On January 27, 2010, he filed pages ten through twenty-four of his reply along with a number of exhibits.

The Court must construe the second amended application and other papers filed by Mr. Lopez liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Lopez was convicted by a jury of first degree sexual assault, second degree sexual assault, third degree sexual assault, and harassment. He also was adjudicated to be an habitual offender. On direct appeal, the judgment of conviction was affirmed. However, on the prosecution's cross-appeal of the sentence imposed, the sentence was vacated and the case was remanded for resentencing. *See People Lopez*, No. 00CA1638 (Colo. Ct. App. July 25, 2002). Mr. Lopez was resentenced on May 5, 2003. Mr. Lopez' appeal following his resentencing was unsuccessful, and on December 17, 2004, the Colorado Supreme Court denied his petition for writ of certiorari.

On May 4, 2005, Mr. Lopez filed in the trial court a letter that was treated as a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. After filing two more Rule 35(c) motions, the trial court entered an order on September 15, 2005, denying the postconviction motions. The trial court's September 15, 2005, order was affirmed on appeal. *See People v. Lopez*, No. 05CA2254 (Colo.

Ct. App. Sept. 27, 2007) (unpublished). Mr. Lopez continued to file various motions in the trial court while his case was on appeal. Although the trial court denied the motions for lack of jurisdiction, the court informed Mr. Lopez it would consider the motions if Mr. Lopez renewed them after his appeal concluded. On May 27, 2008, the Colorado Supreme Court denied the petition for writ of certiorari filed by Mr. Lopez in the postconviction proceedings.

Mr. Lopez did not renew the motions over which the trial court lacked jurisdiction while his postconviction appeal was pending. Instead, on June 26, 2008, Mr. Lopez filed a letter to the district court regarding the fact that the original trial judge no longer was assigned to his case. On March 30, 2009, Mr. Lopez filed a motion asking to have his case transferred back to the original trial court. That motion was denied on April 1, 2009. On June 17, 2009, the Colorado Court of Appeals dismissed Mr. Lopez' appeal from the trial court's April 1 order for lack of a final appealable order, apparently because the trial court had not decided the merits of any substantive postconviction claim.

The Court received the instant action for filing on June 22, 2009. In the second amended application filed on October 22, 2009, Mr. Lopez asserts the following twenty-four claims for relief:

    1.    The trial court erred in denying him access to the victim's statements to the police.

    2.    The trial court erred in declining to declare a mistrial based on the victim's misconduct while testifying at trial.

    3.    The trial court erred in admitting testimony that improperly bolstered the victim's credibility.

4.  The trial court erred in allowing expert testimony that improperly bolstered the victim's credibility.

5.  The trial court erred in limiting his cross-examination of the victim.

6.  The prosecutor committed misconduct during opening and closing statements.

7.  The trial court improperly aggravated his sentence based on prior convictions not found by the jury.

8.  The state court of appeals lacked jurisdiction to hear the prosecution's cross-appeal and increase his sentence.

9.  The trial court's errors set forth in claims 1 through 6 cumulatively violated his constitutional rights.

10. Trial counsel was ineffective by failing to challenge evidence introduced at trial.

11. Counsel was ineffective by failing to obtain accurate trial transcripts.

12. Trial counsel was ineffective by failing to present the victim's recantation to the jury.

13. Trial counsel was ineffective by allowing the prosecution to strike the only two minorities from the jury panel.

14. The prosecution hid the victim's recantation.

15. The prosecution altered the trial transcripts.

16. The prosecution improperly exercised peremptory challenges to strike the only two minorities from the jury panel.

17. The trial court erred in allowing the prosecution to strike the only two minorities from the jury panel.

18. The trial court erred in denying a hearing on postconviction counsel's motion to withdraw.

19. The trial court erred in failing to correct the trial transcripts.

20. The trial court erred in allowing postconviction counsel to withdraw over Mr. Lopez' objection.

21. The court of appeals erred in failing to remand the case to the trial court for correction of the trial transcripts.

22. The court of appeals erred in avoiding his argument regarding the striking of the only two minorities from the jury panel.

23. The court of appeals erred in rejecting his claim that trial counsel was ineffective by failing to object to the removal of the last minority on the jury panel.

24. The court of appeals erred in determining he was not entitled to a postconviction hearing on the newly discovered evidence of the victim's recantation.

The Court notes initially that claims eighteen, twenty, and twenty-four relate solely to the state court postconviction proceedings and not the validity of Mr. Lopez' conviction or sentence. As a result, claims eighteen, twenty, and twenty-four must be dismissed because there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). A claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Therefore, claims eighteen, twenty, and twenty-four will be dismissed for failure to raise a cognizable federal constitutional issue.

Respondents first argue in their Pre-Answer Response that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d), which provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Lopez' conviction became final. In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the

United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Lopez had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on December 17, 2004, but he did not do so. Therefore, the Court finds that Mr. Lopez' conviction became final on March 17, 2005, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.

The Court also finds that the one-year limitation period began to run on March 17, 2005, because Mr. Lopez does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his federal constitutional claims before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

The next issue the Court must resolve is whether the one-year limitation period was tolled while the state court postconviction proceedings were pending. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents concede, and the Court agrees, that the one-year limitation period was tolled pursuant to § 2244(d)(2) while the postconviction proceedings initiated on May 4, 2005, were pending. Specifically, the one-year limitation period was tolled from May 4, 2005, until May 27, 2008, when the Colorado Supreme Court denied Mr. Lopez' petition for writ of certiorari in the postconviction proceedings. However, the forty-seven days between March 17, 2005, when the one-year limitation period began to run, and May 4, 2005, when the postconviction proceedings were initiated, count against the one-year limitation period. As a result, only 318 days of the one-year limitation period remained after the postconviction proceedings concluded on May 27, 2008.

With respect to the various motions dismissed by the trial court for lack of jurisdiction because they were filed by Mr. Lopez while his postconviction appeal was pending in the Colorado Court of Appeals, the Court agrees with Respondents that those motions could not have tolled the one-year limitation period because they were not properly filed in the trial court while the case was on appeal. Furthermore, Mr. Lopez did not refile any of those motions after his postconviction appeal concluded despite being advised he could do so by the trial court. Therefore, none of those motions tolled the one-year limitation period for any additional time after the postconviction proceedings concluded.

The Court also agrees that neither Mr. Lopez' letter to the trial court filed on June 26, 2008, nor his March 30, 2009, motion to transfer his case back to the original trial court tolled the one-year limitation period pursuant to § 2244(d)(2). Pursuant to Rule 35(c)(3)(IV) of the Colorado Rules of Criminal Procedure, a postconviction Rule 35(c) motion must state adequate factual or legal grounds for relief. Therefore, because neither Mr. Lopez' letter to the trial court filed on June 26, 2008, nor his March 30, 2009, motion to transfer his case back to the original trial court contained any substantive claims challenging the validity of his conviction or sentence, those filings did not toll the one-year limitation period. **See Pursley v. Estep**, 216 F. App'x 733, 734 (10th Cir. 2007) (finding that motion for appointment of counsel in postconviction proceedings pursuant to Colorado Rule 35(c) that did not state adequate factual or legal grounds for relief did not toll the one-year limitation period).

Mr. Lopez argues in his reply to the Pre-Answer Response that this action is timely. However, his argument relevant to the one-year limitation period, which the

Court sets forth in its entirety and without alteration below, is confusing, difficult to read, and difficult to understand.

> Mr.Lopez is with in The Federal Courts(1) year statue of limitations 28 U.S.C.(D)1 Mr.Lopez timely petitioned The Colorado Supreme Court For Writ of Certiorari on April 2,2008 on April 23, 2008 The Trial Court(Granted)Mr.Lopez an Attorney concerning a motion filed by Trial Counsel Mr.Johnson on(December 31,2007). On June 19,2008 The Colorado Supreme Court issued its mandate denying Mr.Lopez (PRO-SE) petition.Mr. Lopez's Appointment of Counsel is currently pending in The District Court.Attorney Ms.Barbara A.Zollar's On this date Jan.25,2010 Ms.Zollar's is aware of Mr.Lopez Habeas Corpus Petition pending in this court.

(Applicant's Reply to Pre-Answer Response at 12.) Nothing in this argument demonstrates that the one-year limitation period began to run on some date after March 17, 2005, or that any additional period of time should be tolled pursuant to § 2244(d)(2). As a result, the one-year limitation period commenced running again on May 27, 2008, when the state court postconviction proceedings concluded, and expired 318 days later on April 10, 2009. Although Mr. Lopez appears to indicate that he is pursuing another round of postconviction relief in state court, he fails to allege or demonstrate that any properly filed motion for postconviction relief was pending in state court prior to April 10, 2009. Furthermore, any postconviction relief Mr. Lopez currently is pursuing in state court will not toll the one-year limitation period. **See Clark v. Oklahoma**, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Therefore, on the basis of these calculations, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Lopez fails to allege facts that might justify equitable tolling of the one-year limitation period. Although he alleges that he is actually innocent, his claim of actual innocence does not justify equitable tolling of the one-year limitation period. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate actual innocence, Mr. Lopez first must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id.* Mr. Lopez then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Lopez contends in support of his actual innocence argument that the alleged victim has recanted and admitted she perjured herself at his trial. However, he fails to demonstrate that he pursued his actual innocence claim diligently. Mr. Lopez was aware of the victim's alleged recanted testimony prior to the state court postconviction proceedings he initiated in 2005 because one of the claims he raised in those postconviction proceedings was his claim that the victim had recanted. As discussed above, those state court postconviction proceedings concluded on May 27, 2008, Mr. Lopez did not pursue any other properly filed state court postconviction remedies prior to the expiration of the one-year limitation period, and he did not submit the instant action for filing until June 22, 2009. Therefore, because Mr. Lopez fails to demonstrate he pursued his claim of actual innocence diligently, the Court finds that equitable tolling is not appropriate and the instant action will be dismissed as barred by the one-year limitation period. Because the Court will dismiss this action as time-barred, the Court will not address Respondents' alternative arguments that many of Mr. Lopez' claims are unexhausted and procedurally barred. Accordingly, it is

ORDERED that claims eighteen, twenty, and twenty-four are dismissed for failure to raise a federal constitutional claim. It is

FURTHER ORDERED that the remaining claims are dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 3rd day of February, 2010.

BY THE COURT:

_____
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01551-BNB

Victor Lopez
Prisoner No. 106029
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

Jonathan P. Fero
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/9/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk