IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01551-ZLW

VICTOR LOPEZ,

Applicant,

v.

TRAVIS TRANI, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 0 2010

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION TO RECONSIDER

Applicant, Victor Lopez, filed *pro se* on March 2, 2010, a "Motion to Reconsider Mr. Lopez's Reply to Pre-Answer Response and for Appointment of Counsel for Habeas Relief." Mr. Lopez asks the Court to reconsider the Order of Dismissal and the Judgment entered in this action on February 9, 2010, and to appoint counsel to represent him in this action. The Court must construe the motion liberally because Mr. Lopez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the motion to reconsider filed by Mr. Lopez pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on February 9, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion). The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed three of the twenty-four claims asserted by Mr. Lopez in this habeas corpus action for failure to raise a federal constitutional issue. The Court dismissed the remaining claims as barred by the one-year limitation period in 28 U.S.C. § 2244(d). Briefly, the Court determined that the one-year limitation period began to run on March 17, 2005, when Mr. Lopez' conviction became final; that the one-year limitation period was tolled from May 4, 2005, through May 27, 2008, while state court postconviction proceedings were pending; and that the one-year limitation period expired on April 10, 2009, before Mr. Lopez filed any further state court postconviction motions that could toll the one-year limitation period. Mr. Lopez argues in the motion to reconsider that the three claims the Court dismissed for failure to raise a federal constitutional issue are federal constitutional claims. He also raises a number of arguments challenging various determinations made by the Court with respect to the calculation of the one-year limitation period.

2

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Lopez fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Lopez fails to demonstrate the existence of an intervening change in controlling law or new evidence, and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. Mr. Lopez' conclusory assertion that the three claims dismissed for failure to raise a federal constitutional issue are federal constitutional claims lacks merit for the reasons discussed in the Order of Dismissal.

With respect to the one-year limitation period, Mr. Lopez argues that the one-year limitation period should be tolled for various periods of time when the trial court appointed counsel to investigate the possibility of filing a postconviction Rule 35(c) motion. However, Mr. Lopez does not identify any period of time during which a properly filed postconviction motion was pending in state court that the Court has not already considered. The mere filing of a motion for postconviction counsel will not toll the one-year limitation period. *See Pursley v. Estep*, 216 F. App'x 733, 734 (10th Cir. 2007) (finding that motion for appointment of counsel in postconviction proceedings pursuant to Colorado Rule 35(c) that did not state adequate factual or legal grounds for relief did not toll the one-year limitation period).

The Court also rejects Mr. Lopez' argument that his petition for writ of certiorari on direct appeal was denied on December 23, 2004, rather than on December 17, 2004, as determined by the Court in the Order of Dismissal. (*See* Pre-Answer Resp. at Ex. G.)

Mr. Lopez next argues, contrary to the Court's conclusion that the state court postconviction proceedings concluded on May 27, 2008, when the Colorado Supreme Court denied his petition for writ of certiorari, that the state court postconviction proceedings were pending until June 19, 2008, when the mandate issued. However, even assuming tolling pursuant to 28 U.S.C. § 2244(d)(2) continued until the date the mandate issued, the additional twenty-three days do not alter the Court's conclusion that this action is time-barred because Mr. Lopez fails to identify any properly filed postconviction motion that was filed within twenty-three days after April 10, 2009, the date on which the Court determined the one-year limitation period expired.

Finally, Mr. Lopez argues that, because he filed another state court postconviction motion on January 29, 2010, the one-year limitation period actually was tolled until that motion was denied on February 3, 2010. The Court rejects this argument because the January 29, 2010 postconviction motion was filed after the one-year limitation period already had expired. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Therefore, Mr. Lopez' motion to reconsider will be denied.

Mr. Lopez' request for appointment of counsel also will be denied. "In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing." *Johnson v. Avery*, 393 U.S. 483, 487 (1969). Accordingly, it is

ORDERED that the "Motion to Reconsider Mr. Lopez's Reply to Pre-Answer Response and for Appointment of Counsel for Habeas Relief" filed on March 2, 2010, is denied.

DATED at Denver, Colorado, this 9th day of March, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01551-ZLW

Victor Lopez
Prisoner No. 106029
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

Jonathan P. Fero
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3|10|10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk